Ms. Noreen S. Dreyer County Attorney Martin County
QUESTION:
Has the term of office expired or does a vacancy in office exist when an appointed member of the planning and zoning commission of Martin County who is required to reside within a specific county commission district pursuant to Ch. 61-2466, Laws of Florida, has his residence included in another commission district as a result of the decennial redistricting required by law?
SUMMARY:
....
A vacancy in office does not exist when an appointed member of the board of zoning adjustment of Martin County has his residence included in another commission district as a result of the decennial redistricting required by law. Further, the same factual situation does not give rise to the expiration of the term of office of such commissioner under Ch. 61-2466, Laws of Florida.
Chapter 61-2466, Laws of Florida, creates the planning and zoning commission of Martin County.[1] The commission is charged with, among other things, preparing and keeping currently valid, a comprehensive master plan for future development, redevelopment, and growth of Martin County.[2]
The special act provides, in part, that:
 There shall be a commission, to be known as the planning and zoning commission of Martin county, consisting of five (5) members appointed by the board of county commissioners. Each member shall be deemed to represent a separate and distinct county-commissioner district and shall reside and be a freeholder in such district at the time of appointment. His term of office shall terminate at the same time as the county commissioner representing the district in which he serves, or earlier at the pleasure of the board of county commissioners. . . . By appropriate resolution, subject to amendment, change or repeal, the board of county commissioners shall provide further details, which may include an organization plan, procedural rules, use of advisory groups, and other requirements related to the activities of the planning and zoning commission; provided, however, that the terms of any resolution shall not conflict with the provisions of this act.
According to your letter, the terms of office of these commissioners have not ended as a result of either of the two factors prescribed by the special act. Further, while the county commission is authorized to "provide further details" for the operation of the planning and zoning commission, the terms of any such implementing legislation must not conflict with the terms of the special act.
The Florida Constitution sets forth those instances in which a vacancy in office occurs.[3] As provided therein:
Vacancy in office shall occur upon the creation of an office, upon the death of the incumbent or his removal from office, resignation, succession to another office, unexplained absence for sixty consecutive days, or failure to maintain the residencerequired when elected or appointed, and upon failure of one elected or appointed to office to qualify within thirty days from the commencement of the term. (e.s.)
It is the rule that a constitutional provision or statute which defines the conditions under which a vacancy occurs is to be strictly construed. Under this rule, when the Constitution or statute clearly enumerates the events that constitute a vacancy in a particular office, all other causes of vacancy are excluded.[4]
In this case the members of the planning and zoning commission continue to "maintain the residence required when [they were] appointed" despite a redrawing of district lines. Thus, there is no vacancy in the offices of these commissioners under the terms of the Constitution.
This office has, on a number of occasions, determined that the term of office of a county commissioner is not effected by the redistricting of the county.[5] In light of the provisions of Ch. 61-2466, Laws of Florida, and of s. 3, Art. X, State Const., I must draw a similar conclusion with regard to appointed members of the planning and zoning commission of Martin County.
Therefore, it is my opinion that a vacancy does not exist in the office of an appointed member of the Martin County Planning and Zoning Commission nor has his or her term of office expired, when that commissioner's residence is included in another commission district as a result of the decennial redistricting required by law.
[1] Section 2, Ch. 61-2466, Laws of Florida. I would note that your opinion request relates to three boards or commissions established by ordinance by Martin County. The information you have included indicates that only the planning and zoning commission was created pursuant to special act of the Legislature. The other two boards appear to be strictly creatures of county ordinance. Because this office possesses no authority to construe local legislation, this opinion addresses the special act creating the planning and zoning board and the relevant pro-visions of the Florida Constitution. See, Department of Legal Affairs Statement of Policy Concerning Opinions.
[2] Section 2(2), id.
[3] Section 3, Art. X, State Const. And see, s.114.01(1), F.S., which states that a vacancy in office shall occur: "(g) Upon the officer's failure to maintain the residence required of him by law."
[4] See generally, 67 C.J.S. Officers s. 74 (1978).
[5] See, AGO 46-389, September 3, 1946, Biennial Report of the Attorney General, 1945-1946, p. 178 (county commissioners will hold office for the terms for which they have been elected regardless of redistricting); AGO 51-265, August 9, 1951 Biennial Report of the Attorney General, 1951-1952, p. 223 (change in county commissioner's residence district effected by redistricting does not shorten the term of the elected incumbent in the office and county commissioner in redistricted county should serve out term as commissioner of district from which nominated and elected); AGO 72-177 (county commissioner entitled to serve out remainder of his elected term as county commissioner from district to which originally elected even though, after redistricting of county, his residence now incorporated in different district).